IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

I.U.P.A.T. DISTRICT COUNCIL #57 COMBINED )
FUNDS on behalf of the Trustees of the I.U.P.A.T. )
Welfare Fund of Western PA and the I.U.P.A.T. )
Western PA Annuity Fund and the International )
Brotherhood of Painters and Allied Trades )
District Council #57, )
                                                 ) No.
          Plaintiff, )
)
      v. )
)
EAGLE INDUSTRIAL PAINTING, LLC, )
)
          Defendant. )

## COMPLAINT

1.    Plaintiff is the I.U.P.A.T. District Council #57 Combined Funds ("Funds") on behalf of the Boards of Trustees of the I.U.P.A.T. Welfare Fund of Western PA and the I.U.P.A.T. Western PA Annuity Fund and the International Brotherhood of Painters and Allied Trades District Council #57. The Funds conduct certain business through Central Data Services, Inc. at 5 Hot Metal Street, Suite 200, Pittsburgh, Pennsylvania 15203.

2.    Jurisdiction of this action arises under §502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132 and §1145, §404(b) 29 U.S.C. §1104, §406 29 U.S.C. 1106, §409 29 U.S.C. §1109 and also under §301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185, in that Plaintiff is aggrieved by Defendant Contractor's failure to pay fringe benefit contributions and wage deductions in violation of a certain labor agreement entered into with I.U.P.A.T. District Council #57 and/or its affiliated local unions, employee organizations ("Union").

3.    The Funds are employee benefit plans within the meaning of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1002 (1), (2), (3), (21), §1009(C) (1), (B) and §1132, and bring this action in behalf of the trustees, participants and beneficiaries of such Funds.

4. The trustees of such Funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated the I.U.P.A.T. District Council #57 Combined Funds as their agent for the collection of contributions and wage deductions payable to such Funds.

5. Defendant Eagle Industrial Painting, LLC ("Defendant Contractor") is or was engaged in the business of operating a construction company with its principal office and address at 3215 Magnolia Road NW, Magnolia, Ohio  44643.

6. Defendant Contractor and the Union are parties to a collective bargaining agreement ("Agreement") that remained in effect at all times relevant hereto.

7. Under the terms of such Agreement, Defendant Contractor was required to pay to the Funds certain sums of money for such Defendant's employees who performed covered work with payments to be made by the 15th day of each month, covering the amounts due for the preceding month's operations, and to furnish monthly reports showing the hours worked and the gross wages paid with respect to which the amounts due are calculated.

8. Defendant Contractor has failed to make timely payment of all of amounts payable to the Funds for work performed by such Defendant's employees during the effective dates of its Agreement.

9. A delinquency is due and owing to the Funds in the principal sum of $6,983.03.  In addition, interest of $438.62 and liquidated damages of $2,442.36 are owed for a total delinquency of $9,864.01.  Interest will continue to accrue after February 29, 2020 at the rate of $2.30 per day.

10. If it is determined that Defendant Contractor owes additional principal amounts to the Funds, interest will be assessed on such principal amounts at one (1%) percent per month and liquidated damages at ten (10%) percent of all such amounts owed.  In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due either in this or a separate legal action.

11. Pursuant to the Funds' applicable trust agreements, Defendant Contractor is also obligated to the Funds for attorneys' fees of twenty percent (20%) of the total delinquency. Such fees and expenses total $1,972.80 through February 29, 2020. Plaintiff Funds also claim attorneys' fees on any additional amounts shown to be due to the Funds until termination of this case. In the alternative, the amount of such fees may be determined by the Court.

12. Plaintiff is without an adequate remedy at law, and the Funds will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant Contractor is ordered to specifically perform in accordance with the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001-1381, and Defendant Contractor's Agreement, and is restrained from continuing to refuse to perform as required thereunder.

WHEREFORE, Plaintiff Funds demand the following relief:

a. The issuance of a permanent injunction upon hearing of this case, enjoining the Defendant Contractor from violating the terms of its Agreement and the Funds' trust agreements;

b. A money judgment in favor of the Funds and against the Defendant Contractor in the amount of $11,836.81, plus such additional amounts shown to be owed to Plaintiff Funds until termination of this case, plus liquidated damages of 10%, attorneys' fees of 20% of the total amount due and costs of suit,

c. For the Defendant Contractor to be required, in compliance with the terms of its Agreement, to present for inspection and/or copying all records pertaining to the hours worked by the Defendant Contractor's employees necessary to verify the accuracy of the amounts paid and/or due and owing to the Funds since the last audit conducted by the Funds;

d. For the Defendant Contractor to be required to file monthly Transmittal Reports covering its operations during the effective dates of its Agreement and through the

pendency of this action;

      e.     A money judgment in favor of the Funds and against the Defendant Contractor for additional amounts determined to be due and owing upon Defendant Contractor's submission of its monthly reports and upon Defendant Contractor permitting an audit of its records by the Funds, as required by Defendant Contractor's Agreement;

      f.     Audit costs, court filing fees and litigation costs, and other costs and disbursements in this action;

      g.     Reasonable attorneys' fees incurred through further litigation;

      h.     Additional interest on the above principal amounts from the dates they became due and owing;

      i.     For payment in full of any additional amounts that may become due during the pendency of these proceedings;

      j.     That the Court retain jurisdiction of this case pending compliance with its orders; and

      k.     For such other and further relief as the Court may deem just.

      TUCKER ARENSBERG, P.C.

*s/Neil J. Gregorio*
Jeffrey J. Leech
PA I.D. #19814
Neil J. Gregorio
PA I.D. #90859
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212

Attorneys for Plaintiff,
I.U.P.A.T. District Council #57 Combined Funds, et al.

5277212.1:LIT:016795-168122